DUPRIS, C.J.
This matter came before the Court of Appeals (COA) for an Initial Hearing on March 18, 2011. Appellant appeared in person and without counsel. Appellee appeared in person and without counsel.
At the Initial Hearing the COA may decide: 1) whether the facts and/or laws as presented warrant a limited appeal on issues of law and/or fact; 2) whether a new trial should be granted; or 3) whether the appeal should be dismissed or denied [1]. Upon a review of this matter, the COA finds sufficient grounds to grant the appeal and remand for a new hearing.
SUMMARY
On December 14, 2009, Mr. Ferguson filed a Petition for Custody and/or Support. A Summons was issued and an Answer filed by Ms. Latimer. On December 13, 2010, Mr. Ferguson filed a Motion and Affidavit Requesting Emergency Restraining Orders and/or Temporary Grder(s) and Order to Show Cause. The Court issued an Order to Show Cause; Restraining Order; Temporary Order(s) which gave notice to the parties that a show cause hearing would be held on December 28, 2010. A temporary custody hearing was held on December 28, 2010. Although she had sufficient notice Ms. Latimer failed to appear for this hearing. After hearing testimony from Mr. Ferguson, the Trial Court granted sole, permanent custody to Mr. Ferguson, ordered per capitas and 181-D monies be given to Mr. Ferguson and restrained Ms. Latimer from removing the children from Mr. Ferguson. Appellant timely filed an appeal.
STANDARD OF REVIEW
The issue is a question of law, subject to a review de novo. Colville Confederated Tribes v. Naff, 2 CCAR 50, 2 CTCR 08, 22 ILR 6032 (1995); Wiley, et al v. Colville Confederated Tribes, 2 CCAR 60, 2 CTCR 09, 22 ILR 6059 (1995); Palmer v. Millard, et al, 3 CCAR 27, 2 CTCR 14, 23 ILR 6094 (1996) (Because the Tribal Court dismissed the case below as a matter of law, we review the matter de novo.)’, Pouley v. CCT, 4 CCAR 38, 2 CTCR 39, 25 ILR 6024, (1997) (The Appellate Court engages in de novo review of assignments or errors which involve issues of law); In Re The Welfare of R.S.P.V., 4 CCAR 68, 3 CTCR 07, 26 ILR 6039 (1998).
DISCUSSION
A basic tenant of due process is that adequate notice of any hearing be given to all parties to the action. In this matter, the parties were given notice that a temporary custody hearing would take place on *418 December 28, 2010. Appellant agrees that she received proper notice but failed to appear. She alleges that she suffers from “social anxiety” and was assured by Mr. Ferguson that he would be seeking joint custody at the hearing. In fact, the Trial Court found Ms. Latimer in default and awarded sole, permanent custody to Mr. Ferguson. No subsequent hearings were scheduled.
In George v. George, 1 CCAR 52, 1 CTCR 53 (1991), we determined that the Tribal Law and Order Code gave inadequate notice to litigants of requirements for permanent custody hearings. We directed the Trial Court to notify the parties when permanent custody hearings are set that it is their one and only opportunity to call witnesses and present their arguments as to each person’s qualifications to be a fit parent. This language was to be included in notices sent to the litigants. This was not done in this case. The Trial Court scheduled a temporary custody hearing and then turned it into a permanent custody hearing, without notice to the Appellant. We find that the Trial Court erred in changing what was scheduled as a temporary custody hearing into a permanent custody hearing without proper notice to both the parties.[2]
It is ORDERED that:
1. The Order granting permanent, sole custody entered by the Trial Court on December 28, 2010, is REVERSED.
2. This case is REMANDED to the Trial Court for a temporary custody hearing. A permanent custody hearing will only be held after proper notice of the hearing is given to both parties using the parameters specified in George v. George, supra.

. Court of Appeals Court Rule (COCAR) 12.

. We also note that we could not tell if all of the Factors required to be considered in a custody hearing were even addressed. See CTC § 5—1—121. The Trial Court is encouraged to make specific findings and conclusions in its next order.